IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDITH MILESTONE,

                    Plaintiff,                    ORDER

    v.

                                                      09-cv-199-slc

CITY OF MONROE,

                    Defendant.

---

Plaintiff Edith Milestone is suing defendant City of Monroe because she has been banned from using the local public senior center until she takes an anger management class. The parties' cross motions for summary judgment are now before the court. *See* dkt. 16 and 18.

The incident triggering plaintiff's expulsion occurred on October 23, 2008 at the center. Although the parties dispute many of the details, they agree that plaintiff was "complaining loudly" about the scoring of a card game she was playing. (Also disputed is whether plaintiff had a long history of combative and disruptive behavior while she was at the center, including regular "shouting matches" with other visitors, trying to get the center's director fired because plaintiff was unhappy with the center's Thanksgiving dinner and making complaints to the police when she had disputes with other visitors.)

After the October 23 incident, the director of the center, Tammy Derrickson, informed plaintiff in a letter that she was no longer allowed at the center on the grounds that she was "[n]ot treating other participants with respect," "[n]ot treating Senior Center staff in a respectful man[ne]r" and using "[a]busive language" and "[p]hysically threatening conduct," in violation of the center's code of conduct. Plaintiff challenged Derrickson's decision before the Monroe Senior Citizens Board, which sided with Derrickson, but added the qualification that it "will

consider a petition for reinstatement by Edith Milestone upon proof of successful completion of an accredited 'Anger Management' program."

Plaintiff chose not to take the class. Instead, she filed this lawsuit under 42 U.S.C. § 1983 in which she contends that defendant has violated her right to free speech (by requiring her to speak in a "respectful" manner), her right to petition the government for redress of grievances (by prohibiting her from contesting her card score), her right to travel (by preventing her from entering the center) and her right to due process (by kicking her out of the center before the board held its hearing). In addition, she contends that the code of conduct is unconstitutionally overbroad and vague.

It is unnecessary to consider any of these arguments at this time because it appears that plaintiff has not established a basis for holding the city liable for any of the alleged wrongdoings. As has been stated by courts many times, municipalities may not be sued under § 1983 simply because an employee violated the plaintiff's constitutional rights. *E.g., Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008); *Montano v. City of Chicago*, 535 F.3d 558, 570 (7th Cir. 2008); *Fairley v. Fermaint*, 482 F.3d 897, 904 (7th Cir. 2007); *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007). Rather, a plaintiff must show that the constitutional violation "may fairly be said to represent official policy" of the municipality. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978). One way a plaintiff may satisfy this standard is by showing that the constitutional violation "is directed by those who set municipal policy," or "final policy makers" in the language courts use. *Valentino v. Village of South Chicago Heights*, 575 F.3d 664, 675 (7th Cir. 2009) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81

(1986)).  In other words, if a municipality has delegated its authority on a particular matter to someone else, that person's acts may be attributed to the municipality under § 1983.

Nothing Derrickson did may be imputed to the city because she does not have final say on any matter of policy.  All of her decisions may be reviewed by the Monroe Senior Citizens Board.  *Partee v. Metropolitan Sch. Dist. of Washington Twp.*, 954 F.2d 454, 456 (7th Cir. 1992) (principal of school was not policymaker for municipality on personnel matters when school board had final say-so on those issues).  However, because the board ratified Derrickson's decision, Derrickson's lack of authority would not be a problem if the board was a stand-in for the city itself.  *Waters v. City of Chicago*, 580 F.3d 575, 584 (7th Cir. 2009) ("[A] municipality may be held liable based on a ratification theory.")

The board certainly looks more like a final policy maker than Derrickson. After all, it drafted the code of conduct, was given authority by the city to "adopt rules and regulations to promote the purposes for which the board has been created" and was the last local body to review Derrickson's decision.  The problem is that even the board did not have the final say on the decision whether to boot plaintiff from the center.  It is undisputed that plaintiff could have appealed the decision to the Monroe Common Council under Wis. Stat. § 68.09(5), a fact made clear in the board's decision:

> Pursuant to § 68.09(5) of the Wisconsin Statutes, Edith A. Milestone may seek an administrative appeal to the City of Monroe Common Council by filing or mailing a request for an appeal to the City of Monroe Clerk. . . within 30 days receipt of notice of this decision.
>
> Derrickson Aff., dkt. 21, exh. K.

3

Plaintiff's failure to appeal the board's decision to the city council appears to have doomed her claim against the city. Ordinarily, a local body is not a final policy maker under § 1983 if its decisions are reviewable by a higher municipal authority. *Rasche v. Vill. of Beecher*, 336 F.3d 588, 600 (7th Cir. 2003) ("If the Village retained . . . authority [to review the employee's decisions], then [the employee's] authority cannot constitute final policymaking authority."); *Gernetzke v. Kenosha Unified Sch. Dist. No. 1*, 274 F.3d 464, 469 (7th Cir. 2001) ("[T]he cases limit municipal liability under section 1983 to situations in which the official who commits the alleged violation of the plaintiff's rights has authority that is final in the special sense that there is no higher authority."); *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 602-03 (5th Cir. 2001) (official is "final policymaker" only when her decisions are "unreviewable by any other body"). Although the city council did not actually review the board's decision in this case, that does not make the board the final policy maker by default. *Darchak v. City of Chicago Bd. of Educ.*, 580 F.3d 622, 630 (7th Cir. 2009) (municipality's "failure to review one personnel recommendation does not mean that the [municipality] systematically allows [an employee] to set policy on employment decisions or to make final decisions without [the municipality's] review). What matters is that the city as a general matter has not delegated final authority to the board.

In her reply brief, plaintiff suggests that Derrickson's decision represented city policy because Derrickson received permission from the mayor, the city attorney and the chief of police to send the letter informing plaintiff that she was banned from the center. This argument is defeated by *Pembaur*, 475 U.S. at 483, in which the Supreme Court held that the "official or officials [must be] responsible for establishing final policy, *with respect to the subject matter in*

4

*question*." Certainly, the mayor, the police chief and the city attorney may be final policy makers on some matters, but this does not mean that everything they do subjects the city to liability under § 1983. The Court explained this with an example:

> [T]he County Sheriff may have discretion to hire and fire employees without also being the county official responsible for establishing county employment policy. If this were the case, the Sheriff's decisions respecting employment would not give rise to municipal liability, although similar decisions with respect to law enforcement practices, over which the Sheriff is the official policymaker, would give rise to municipal liability. Instead, if county employment policy was set by the Board of County Commissioners, only that body's decisions would provide a basis for county liability. This would be true even if the Board left the Sheriff discretion to hire and fire employees and the Sheriff exercised that discretion in an unconstitutional manner; the decision to act unlawfully would not be a decision of the Board.
>
> *Id.* at 483.

In this case, because the city council had final say, it is irrelevant whether Derrickson was acting with the approval of other city officials.

For reasons it does not explain, the city raised an argument regarding municipal liability in its opposition brief to plaintiff's motion for summary judgment, but it does not raise the argument in the context of its own motion for summary judgment. Generally, courts should not grant summary judgment on a ground not raised in the moving party's motion without giving the nonmoving party notice and an opportunity to be heard. *John M. v. Board of Educ. of Evanston Tp. High School Dist. 202*, 502 F.3d 708, 713 (7th Cir. 2007). Although it seems unlikely that plaintiff will be able to submit any evidence showing that she can meet the standard for municipal liability, I will give her a brief opportunity to try.

ORDER

It is ORDERED that plaintiff Edith Milestone may have until December 31 to show cause why summary judgment should not be granted in favor of defendant City of Monroe on the ground that the decision to ban plaintiff from the senior center does not represent city policy under 42 U.S.C. § 1983.

Entered this 11th day of December, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge